UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on January 8, 2020

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **MAGISTRATE NO.: 20-MJ-0173** |
| | : | |
| **ANTONIO COOK,** | : | **VIOLATION:** |
| | : | **18 U.S.C. § 922(g)(1)** |
| | : | **(Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year)** |
| Defendant. | : | **22 D.C. Code § 4503(a)(1)** |
| | : | **(Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year)** |
| | : | |
| | : | **FORFEITURE: 18 U.S.C. § 924(d), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c)** |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about September 3, 2020, within the District of Columbia, **ANTONIO COOK**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court of the District of Columbia, Criminal Case No. 2015-CF3-009510, did unlawfully and knowingly receive and possess ammunition, that is, .40 caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT TWO

On or about September 3, 2020, within the District of Columbia, **ANTONIO COOK**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court of the District of Columbia, Criminal Case No. 2015-CF3-009510, owned, kept, and had within his possession and control, a firearm consisting of a Polymer 80 receiver and a slide with no known manufacturer.

**(Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 22, D.C. Code, Section 4503(a)(1) (2001 ed.))

## FORFEITURE ALLEGATION

1.   Upon conviction of the offenses alleged in Counts One and/or Two this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offenses, including but not limited to .40 caliber ammunition and a firearm consisting of a Polymer 80 receiver and a slide with no known manufacturer.

2.   If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   (a)   cannot be located upon the exercise of due diligence;

   (b)   has been transferred or sold to, or deposited with, a third party;

   (c)   has been placed beyond the jurisdiction of the Court;

   (d)   has been substantially diminished in value; or

   (e)   has been commingled with other property that cannot be subdivided without difficulty;the defendant shall forfeit to the United States any other property of the

2

defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

FOREPERSON.

Michael R. Sherwin /GTR
Attorney of the United States in
and for the District of Columbia.

3